**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No: 1:21 - cv – 1139**

BARBARA JEANNE SOLZE,

      Plaintiff,

v.

UNITED OF OMAHA LIFE INSURANCE COMPANY,

      Defendant.

---

**COMPLAINT**

---

    **COMES NOW** the Plaintiff, Barbara Jeanne Solze, by and through her attorney, Michael S. Krieger of Michael S. Krieger, LLC, with her Complaint against the above Defendant, United of Omaha Life Insurance Company ("Defendant").

    1.  This is a civil action for disability benefits owed to Barbara Jeanne Solze ("Solze"), arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, including 29 U.S.C. § 1132(a).  Solze seeks judicial review of the denial of long term disability and/or other benefits by Defendant.

*JURISDICTION AND VENUE*

    2.  The United States District Court in and for the District of Colorado has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 1132(e)(1).

3.  Venue is proper in Colorado, pursuant 29 U.S.C. § 1132(e)(2), because Defendant does business in Colorado and has an agent for service of process in Colorado.

4.   The Long Term Disability ("LTD") policy which is the subject matter of this case explicitly states that it is governed by ERISA and is also subject to the laws of the State of Colorado.

### *PARTIES*

5.  Solze is age 56 and resides at 5445 Wittenberg Court, Colorado Springs, CO 80918, at the time of filing this Complaint.

6.  Solze worked for Cheyenne Village, Inc. ("Cheyenne Village"), a residential facility serving intellectually and developmentally disabled adults in the Colorado Springs area.

7.  Cheyenne Village provided an LTD income plan ("LTD Plan") as an employee benefit to its employees, which LTD Plan covered Solze.

8.   At all times relevant hereto, Defendant underwrote the LTD portion of the employee benefit plan of Cheyenne Village and, at the same time, acted as the claim administrator.

### *CLAIM FOR RELIEF*.

9.  Solze worked for Cheyenne Village for 15 years as a certified public accountant and business director in senior management before applying for disability benefits in late 2018.

10.  Solze became increasingly ill over a period of several years,  suffering from profound fatigue, an inability to concentrate, insomnia, migraine headaches,

hypothyroidism, and restless leg syndrome, chronic musculoskeletal pain, serious and unexplained weight loss and severe gastritis (gastic pain, vomiting and nausea).

11.  In the course of her treatment, Solze's many doctors have considered a wide variety of diagnoses over time, including Adhesive Arachnoiditis, Acquired Hypothyroidism, Systemic Mast Cell Disorder, Postural Orthostatic Tachycardia Syndrome, Cerebral Spinal Fluid Leakage, Tarlov cysts, thoracic outlet syndrome, Migraine and tension headaches, Cervical Disc disorders,  Ehlers-Danlos Syndrome, Cervical Dystonia, Cervical Facet Joint Syndrome, Jugular Compression, Eagle's Syndrome (blockage of both jugular veins), and Complex Regional Pain Syndrome, among others.

12.  By a long and arduous process of repeated testing of various differential diagnoses, the most recent central diagnosis is Spontaneous Intracranial Hypotension[1].

13.  Solze was initially diagnosed with Postural Orthostatic Tachycardia Syndrome (POTS"), a blood circulation disorder, by cardiologist, Dr. Michael Ptasnik, MD, FACC, of Denver.  In addition, she was diagnosed with Marfan Syndrome, a weakening of the walls of the aorta, by Dr. Michael Sparr, of Colorado Springs and Ehlers-Danlos syndrome, a disease that weakens the connective tissues such as tendons and ligaments and can weaken blood vessels and organs, by Dr.Stuart Kassan, a rheumatologist.

14.  Solze was also diagnosed with Spondylolisthesis of the low back, Tarlov Cysts of her spine, and bilateral Pectorisalis Minor Syndrome, Lynch Syndrome, and

---

[1] Spontaneous Intracranial Hypotension ("SIH") is best described in Exhibit A, attached hereto, which is an article in Neurology Today, which presents the findings of a meta-analysis of 144 studies of SIH treatment.

Thoracic Outlet Syndrome, conditions causing pain, numbness and tingling in the hand and arm.

15. Most notably, Dr. Edward Hepworth diagnosed Solze with idiopathic Intracranial Hypertension in October of 2019, noting that the condition caused debilitating cephalgia and an inability to focus. Near the time of the final denial of LTD benefits, acclaimed neurosurgeon Wouter I. Schievink, MD, was investigating whether Cerebral Spinal Fluid leaks were causing her symptoms (See Exhibit B, Diagnostic Synopsis). Dr. Schievink confirmed a related diagnosis, spontaneous intracranial hypotension ("SIH"). Dr. Schievink, who works at Cedars-Sinai Medical Center of Los Angeles, performed a five-procedure operation on February 5, 2020.

16. On June 30, 2019, Defendant denied LTD benefits to Solze and provided 180 days to appeal that adverse benefit determination.

17. At the time the Defendant denied LTD benefits to Solze, she was prescribed and taking the following medications: Synthroid (for an underactive thyroid), Tenormin (for high blood pressure), Estradiol (for menopause), Percocet (for acute severe pain), Soma (for musculoskeletal pain), Horizant (for nerve pain and restless legs syndrome) , Imitrex (for migraine -  tablet and injectable), Butalbital (a barbituate based pain reliever and relaxant for headache pain), Emgality (for migraines prevention), Elavil (for insomnia), Tylenol (for pain), and Protonix (for heartburn, difficulty swallowing and damage to stomach and esophagus).

18. Solze has undergone numerous special procedures during the period that Defendant has disputed her claim for benefits, including an Upper GI Endoscopy, an Esophasogastroduodenoscopy, Echocardiogram, Biopsies, CTA Chest Abdomen,

Epidural "Blood Patch" testing (thoracic and lumbar), Radiofrequency Ablations (Cervical), Ultrasounds, CT scan(s) of head and neck, several MRIs (cervical, thoracic and lumbar), three Functional Capacity Evaluations performed by Kristine Couch, OTR.

19.  Over the past several years, Plaintiff has sought treatment from over 20 medical and osteopathic physicians from the following fields: orthopedics, neurology, endocrinology, oncology, gastroenterology and other medical fields. These include: Dr. Stuart Kassan (Rheumatology), Dr. Frank Feigenbaum (Neurosurgery), Dr. Michael Sparr (Physical Medicine and Rehabilitation), Drs. Laur Birlea and Wouter Schievink, both of Cedars-Sinai Medical Center (respectively, Neurology and Neurosurgery with subspecialty in brain and spinal cord vascular disorders), Dr. Stephen Scheper (Physical Medicine and Rehabilitation), Dr. Charles Louy (Pain Medicine), Dr. Edward Hapworth (Vascular surgery) and Dr. Steven Annest ( Vascular Surgery), Dr. Kumar Sanam (Cardiology), and Dr. Martin Porcelli (Family Medicine), among other treating providers.

20.  Nearly every one of Solze's treating physicians, supported Solze's disability claim either in questionnaires provided to Cigna, letters, or brief statements endorsing the findings of Ms. Kristine Couch, OTR, who performed multiple functional capacity evaluations of Solze.

21.  On September 4, 2020, the Prudential Insurance Company of America evaluated Solze's disability and approved Solze's claim for her employer's Group Life Insurance Waiver of Premium Benefit under Prudential's Group Policy GZ-14273 (Exhibit B).

22.   Solze was found to be disabled under the terms and conditions of Cheyenne Village's short term disability ("STD") plan and began to receive STD benefits accordingly.  The STD benefits were exhausted and Solze applied for long term disability ("LTD") benefits.

23.  Upon information and belief, Solze's employer paid the STD benefits; Defendant has sole responsibility to pay LTD benefits.

23.  Likewise, Solze was found to be totally disabled by the Social Security Administration as of Feb 4, 2019 (See Exhibit C, Benefit Letter and Exhibit D, Notice of Award).  Defendant was notified of this finding by the Social Security Administration.

## *STANDARD OF REVIEW*

24.  Upon information and belief, the LTD Plan does not create or reserve any discretionary authority in Defendant to determine eligibility for LTD benefits.

25.   Defendant has an inherent and actual conflict of interest in the claims administration process in this case, because Defendant determines the validity of Solze's claim and Defendant is also responsible for paying all LTD benefits.

26.  In the alternative, any term, provision or clause purporting to provide administrative discretion or deference to Defendant to determine eligibility for benefits under the LTD plan, define the terms of the LTD plan or making any plan decisions, is void pursuant to *C.R.S. § 10-3-116*, which makes mandatory a *de novo* review of the entitlement to disability benefits.

27.   In the alternative, the acts and omissions of the Defendant, cited elsewhere in this Complaint, constitute procedural irregularities that are serious enough to dial-

back the administrative discretion allegedly reserved to the LTD Plan in a degree to be determined by the Court.

28.   In the alternative, the acts and omissions of Defendant were arbitrary and capricious, subjecting Defendant to the remedies sought by Solze.

29.   In wrongfully denying benefits to Solze, Defendant failed to comply with its fiduciary duties under ERISA, through the following acts and omissions:

a.   Taking actions as a decision-maker, while in an inherent and actual conflict of interest, as Defendant is the adjudicator, investigator, payer and underwriter of claims and benefits under the Plan;

b.   Failing to provide any coherent, specific reason for termination of Solze's LTD benefits or denying the Solze's claim for benefits under any LTD Plan provision and failing to perform other duties, more fully described in *29 U.S.C. § 1133 and Regulation 29 C.F.R. § 2560.503.1;*

c.   Failing to respond to Solze's repeated requests for any documents relevant to the *de facto* decision to terminate benefits in violation of *29 CFR § 2560-503-1(j)(3)*; and

d.   Failing to perform other acts which a reasonable, full and fair review of this claim requires under the circumstances of this individual case.

**WHEREFORE**, Solze requests the following from this Honorable Court:

a.   Declaratory relief as may be appropriate, ordering DEFENDANT to pay all back-due benefits and reinstate any and all continuing Plan benefits, including but not limited to LTD benefits and group life insurance waiver of premium benefits, if any, and applying any credits for an overpayment if any,

not subject to discharge in bankruptcy;

b.  Order Defendant to pay prejudgment and/or other interest on any back-due benefits at the rate set by Colorado law (8%) or other applicable statute;

c.   Order Defendant to pay all court costs and reasonable attorney fees pursuant to 29 *U.S.C. § 1132(g)(1)* and C.*R.S. § 10-3-1116(1);* and

d.   Grant such other relief as may be proper.

Signed and executed this 23rd day of April 2021.

***s/Michael S. Krieger***
Michael S. Krieger
Michael S. Krieger, LLC
Noel & Krieger
165 South Union Blvd., #310
Lakewood CO 80228
303-781-5559     Fax: 303-781-1349
Mike@Krieger.Law
Attorney for Plaintiff Barbara J. Solze
