**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-1139-WJM-NYW

BARBARA JEANNE SOLZE,

    Plaintiff,

v.

UNITED OF OMAHA LIFE INSURANCE COMPANY,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD**

---

    This matter is before the Court on Plaintiff Barbara Jeanne Solze's Motion to Supplement the Administrative Record ("Motion to Supplement"). (ECF No. 14.) Defendant United of Omaha Life Insurance Company ("United") filed a response ("Response") (ECF No. 16), to which Plaintiff replied ("Reply") (ECF No. 17). For the reasons explained below, the Motion to Supplement is denied.

## I. BACKGROUND

    Plaintiff brings this action seeking judicial review of a decision denying her claim for benefits under a long-term disability plan regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* (*See* ECF No. 1 at ¶ 1.)

    Plaintiff filed a claim for long-term disability benefits with United in late 2018, and United denied Plaintiff's claim in August 2019. (ECF No. 1 at ¶ 9.) Plaintiff appealed, and United denied the appeal on April 17, 2020 ("Final Decision"), explaining that this was its final decision on the appeal and that "all administrative rights to appeal" had

been exhausted and United would "conduct no further review of the claim." (ECF No. 14-4.) In her Motion to Supplement, Plaintiff requests that the Court permit her to supplement the record with materials that were received by United on or after the date on which it issued its Final Decision. (ECF No. 14 at 3–4.)

## II. LEGAL STANDARD

The Tenth Circuit cautions that, even in *de novo* review cases, "it is the unusual case in which the district court should allow supplementation." *Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1203 (10th Cir. 2002). A party seeking to introduce evidence bears the burden of establishing that she may do so. *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1309 (10th Cir. 2007).

> In particular, (1) the evidence must be "necessary to the district court's *de novo* review;" (2) the party offering the extra-record evidence must "demonstrate that it could not have been submitted to the plan administrator at the time the challenged decision was made;" (3) the evidence must not be "[c]umulative or repetitive;" nor (4) may it be "evidence that is simply better evidence than the claimant mustered for the claim review."

*Id.* (quoting *Hall*, 300 F.3d at 1203).

## III. ANALYSIS

In her Motion to Supplement, Plaintiff describes three exhibits she would like to add to the record in this case: (1) a statement of Plaintiff's treating physician, Dr. Birlea, offered in response to United's denial of Plaintiff's claim; (2) a fax indicating that Plaintiff's request for direct skilled nursing services, physical therapy and occupational therapy in her home had been approved by her health insurance; and (3) records of genetic testing and counseling from one of the clinics where Plaintiff received treatment.

2

(ECF No. 14; ECF No. 14-1.)[1]  All these documents were sent to United on or after April 17, 2020, the date of the Final Decision.  (ECF No. 14 at 3–4.)

Plaintiff argues that United should have accepted these documents and extended the deadline for document submission because the U.S. Department of Labor issued an order, effective March 1, 2020, which applied to disability claims governed by ERISA and provided:

> With regard to disability retirement, and other plans, the joint notice provides additional time for participants and beneficiaries to make claims for benefits and appeal denied claims.  Without the extension, individuals might miss key deadlines during the COVID-19 outbreak that could result in the loss of lapse of group health coverage of the denial of a valid claim for benefits.

(ECF No. 14 at 2 (quoting EBSA Disaster Relief Notice 2020-01, April 28, 2020).)

In its Response, United argues that the EBSA Disaster Relief Notice provides additional time for making claims and filing appeals, but it does not provide extra time to supplement the record.  (ECF No. 16 at 4.)  Further, United argues that Plaintiff has not met her burden of showing the kind of exceptional circumstances required to supplement the record.  (*Id.*)  Therefore, United argues, Plaintiff's Motion to Supplement should be denied in its entirety.  (*Id.*)  In her Reply, Plaintiff reiterates her argument that the EBSA Disaster Relief Notice required United to extend its deadline for accepting documents.  (ECF No. 17 at 3–4.)

---

[1] In her Reply, Plaintiff states that "this controversy primarily concerns Dr. Birlea's letter of 18 May, 2020."  (ECF No. 17 at 1.)  Her Reply focuses exclusively on Dr. Birlea's letter and concedes, "[a]dmittedly, the *other* records sought by Plaintiff to be included in the administrative record do not follow a similar path."  (*Id.* at 3.)  Thus, Plaintiff has abandoned that part of her Motion to Supplement.  But even if she had not abandoned that part of her Motion, it would be denied for the reasons discussed below.

3

The Court agrees with United about the scope of the EBSA Disaster Relief Notice.  On May 4, 2020, the Internal Revenue Service and the U.S. Department of Labor jointly issued an emergency rule as they had stated that they would in the EBSA Disaster Relief Notice.  *See* Extension of Certain Timeframes for Employee Benefit Plans, Participants, and Beneficiaries Affected by the COVID-19 Outbreak, 85 Fed. Reg. 26351-01 (May 4, 2020).  The new rules and regulations provide, as relevant here, that:

> Subject to the statutory duration limitation in ERISA section 518 and Code section 7508A, all group health plans, disability and other employee welfare benefit plans, and employee pension benefit plans subject to ERISA or the Code must disregard the period from March 1, 2020 until sixty (60) days after the announced end of the National Emergency or such other date announced by the Agencies in a future notification (the "Outbreak Period") for all plan participants, beneficiaries, qualified beneficiaries, or claimants wherever located in determining the following periods and dates—
>
> . . .
>
> (4)  The date for individuals to notify the plan of a qualifying event or determination of disability under ERISA section 606(a)(3) and Code section 4980B(f)(6)(C),
>
> (5)  The date within which individuals may file a benefit claim under the plan's claims procedure pursuant to 29 CFR 2560.503-1,
>
> (6)  The date within which claimants may file an appeal of an adverse benefit determination under the plan's claims procedure pursuant to 29 CFR 2560.503-1(h),
>
> (7)  The date within which claimants may file a request for an external review after receipt of an adverse benefit determination or final internal adverse benefit determination pursuant to 29 CFR 2590.715-2719(d)(2)(i) and 26 CFR 54.9815-2719(d)(2)(i), and

4

>   (8)   The date within which a claimant may file information to perfect a request for external review upon a finding that the request was not complete pursuant to 29 CFR 2590.715-2719(d)(2)(ii) and 26 CFR 54.9815-2719(d)(2)(ii).

*Id.* The circumstances presented in this case do not fall within any of these categories. Therefore, the Court finds that neither the EBSA Disaster Relief Notice nor the rules that followed it extended the timeframe in which Plaintiff was required to file documents with United.

In her Motion to Supplement and her Reply, Plaintiff relies almost exclusively on her argument that EBSA Disaster Relief Notice required United to accept the documents. (*See generally* ECF Nos. 14, 17.) That argument is unavailing, and she does not make substantive alternative arguments. Thus, the Court finds she failed to meet her "significant burden" of establishing that she may supplement the record. *Jewell*, 508 F.3d at 1309.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Supplement the Administrative Record (ECF No. 14) is DENIED.

Dated this 7th day of February, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge

5